UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SETH KANEGIS,

                            Plaintiff,                              **Answer**

-against-                                                          **Civil Action No: 18-CV-01447**

ISHITA GANGULY

                            Defendant.
------------------------------------------------------------------------x

      Defendant Ishita Ganguly by her attorneys Frank J. Livoti, P.C. respectfully sets forth and alleges the following as and for her Answer to the Plaintiffs' Complaint:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 except admits that Defendant was indicted and pled guilty pursuant to a plea agreement.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 4 and 5 and refer all questions of jurisdiction and venue to the court.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

5. Deny the allegations contained in paragraph 7, except admit that Defendant formerly resided in Staten Island.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 except admits that Defendant was a party to the phone call referenced therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 except admits that her e mails contained her

title.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph13 and refers the court to the referenced document for the terms and conditions therein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and refers the court to the referenced document for the terms and conditions therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

14. Deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraph 16 and refers the court to the specified e mail for the terms and conditions therein.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 except admits that Defendant met with Plaintiff in New York.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and refers the court to the specified e mail for the terms and conditions therein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and refers the court to the specified e mail for the terms and conditions therein.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 except admits that Defendant entered into a plea agreement and allocution in United States v. Ganguly, 14 CR 123 which agreement and allocution referred, in part, to the Plaintiff and the Defendant.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 except admits that Defendant entered into a plea agreement and allocution in United States v. Ganguly, 14 CR 123 which plea agreement and allocution that referred, in part, to the Plaintiff and the Defendant.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 except admits that Defendant entered into a plea agreement and allocution that referred, in part, to the Plaintiff and Defendant.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

26. Deny knowledge or information sufficient to form a belief as to the truth opf the allegations contained in paragraph 28.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

36. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 37.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 except admits that Defendant entered into a plea agreement and allocution in United States v. Ganguly, 14 CR 123 which plea agreement and allocution referred, in part, to Plaintiff and Defendant.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 except admits that Defendant entered into a plea agreement and allocution in United States v. Ganguly, 14 CR 123 which plea agreement and allocution referred, in part, to Plaintiff and Defendant.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 except admits that Defendant entered into a plea agreement and allocution in United States v. Ganguly, 14 Cr 123 which plea agreement and allocution referred, in part, to Plaintiff and Defendant.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 except admits that Defendant entered in a plea agreement and allocution in United States v. Ganguly, 14 CR 123 which plea agreement referred in part, to Plaintiff and Defendant.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 except admits that Defendant entered into a plea agreement and allocution in United States v. Ganguly, 14 CR 123 which plea agreement and allocution referred, in part, to Plaintiff and Defendant.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

45. Deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraph 46 and refers all questions of law to the court.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. At all times hereinafter mentioned the Defendant was the defendant in United States v. Ganguly, 14 CR 123 (SDNY).
49. Pursuant to a plea agreement with the United States Attorney's Office and the allocution entered thereon, the plea agreement and allocution referred, in part, to conduct between the Plaintiff and the Defendant herein. Defendant pled guilty to Count One of the Indictment.
50. As part of the plea and sentence, an Order of Restitution in the amount of $9,404,537.35 was entered on February 17, 2015. In addition, as part of the plea and sentence, an Order of Forfeiture was also issued by the court. Further, the Internal Revenue Service has filed liens in excess of $1,500,000.00 against the Defendant.
51. Upon information and belief, the Restitution Order includes any and all amounts due or owing to Kanegis and includes the Plaintiff among the parties entitled to restitution.
52. Defendant is fully compliant with the terms of the Order of Restitution. Upon information and belief, the Defendant is precluded, prevented and prohibited from entering into any agreements, compromises or settlements that would alter, diminish or effect either the priority of, or the payment of, the Order of Forfeiture and the Order of Restitution without approval of the court.

Wherefore, the Defendant demands judgment dismissing Plaintiffs' Complaint in all respects together with such other and further relief as to this Court seems just and proper.

Dated: July 9, 2018
Garden City, New York

Yours, etc.

Frank J. Livoti, P.C.

By: _____/s/_____
Frank J. Livoti
Stephanie J. Kaufman, Of Counsel
Attorney(s) for Defendants
1050 Franklin Avenue, Suite #402
Garden City, New York 11530
(516) 427-5401

TO: Westerman Ball Ederer Miller Zucker & Sharfstein, LLP
Attorneys for Plaintiff
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
jmiller@westermanllp.com